UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ALONZO SHAFFER,

    Plaintiff,

v().                                                          Hon. Paul L. Maloney

STEPHANIE L. MOORE, et al.,                    Case No. 1:20-cv-00794

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff filed his complaint in this case on August 21, 2020 against Stephanie L. Moore, Zachary D. Bauer, Tracy Hall, Michael Seals, Julie Rogers, Jennifer Aniano, Roger Tuinie, John H. Gisler, Christine Morse, Mike Quinn, Meredith Place, CMDA Law Firm, Richard D. McNulty, Kalamazoo County Government, Tom Canny, Kalamazoo County Sheriff's Office and Paula J. Manderfield. Having granted Plaintiff's motion to proceed as a pauper, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Based on this review, I recommend that the complaint be dismissed because the Court lacks subject matter jurisdiction and because the complaint fails to state a claim upon which relief may be granted.

The complaint contains few helpful details. On page two, Plaintiff states: "2019 July 29 violated contract." Plaintiff includes some information that appears to refer to an insurance claim against the County of Kalamazoo, which lists a date of loss of 08/13/13. Plaintiff states:

> Proposed Settlement Letter not honored, by Kalamazoo County Authorities, Corporate Council [sic], CMDA, etc. A settlement or pre-trial conference is a meeting between opposing sides of a lawsuit at which the parties attempt to reach a mutually agreeable resolution of their dispute without having to proceed to trial.

(ECF No. 1 at 2.) Plaintiff then cites two federal criminal statutes, 18 U.S.C. § 1512 and 21 U.S.C. § 846, and states, "I Alonzo Shaffer Request Settlement Conference due to breach of contract regarding proposed settlement letter etc." (*Id.* at PageID.3.) Plaintiff concludes by stating, "1. We can settle dispute with Kalamazoo County, breach of contract, of settlement agreement[;] 2. Or address any errors of Court, or both." (*Id.* at PageID.4.)

**Lack of Jurisdiction**

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998) (noting that the plaintiff has the burden of proving a federal court's jurisdiction). The Court must raise subject matter jurisdiction *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973).

Plaintiff fails to allege any claim within the Court's subject matter jurisdiction. Plaintiff's citation of federal criminal statutes does not invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331. *See Grimes v. Lucas Cty. Child Support Enf't*, No. 3:18CV2524, 2018 WL 6040743, at *2 n.3 (N.D. Ohio Nov. 19, 2018) (dismissing complaint for want of subject matter jurisdiction despite the plaintiff's references to federal criminal statutes barring deprivation of constitutional rights); *McKeague v. Matsuura*, No. 08-00571, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009) ("Although Plaintiff cites to a handful of federal criminal statutes, he fails to sufficiently demonstrate this his claims arise under federal law."). Plaintiff lacks standing to assert a violation of a federal criminal statute. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating that

"a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Therefore, dismissal for lack of subject matter jurisdiction is proper notwithstanding Plaintiff's reference to federal criminal statutes. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (internal quotation marks omitted).

Plaintiff's claim appears to be one for breach of contract, possibly against the County of Kalamazoo. Such claim is a state law claim. Although Plaintiff may maintain a state law claim in this Court pursuant to diversity jurisdiction, 28 U.S.C. § 1332, Plaintiff fails to allege diversity of citizenship. Kalamazoo County is a citizen of Michigan for purposes of diversity jurisdiction. *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973). Therefore, Plaintiff and Kalamazoo County are not diverse. Moreover, Plaintiff fails to allege that he and all the other defendants are citizens of different States. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (noting that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (italics in original). Finally, Plaintiff fails to allege that his claim exceeds this Court's jurisdictional threshold of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

## Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Plaintiff's complaint is subject to dismissal under this standard. Plaintiff's allegations are essentially legal conclusions, not facts. Absent some factual basis for his claim, the complaint alleges no more than a possibility that some defendant—perhaps the County of Kalamazoo, perhaps not—acted unlawfully. Thus, Plaintiff's complaint does not meet the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Accordingly, I recommend that Plaintiff's claims be dismissed.

## CONCLUSION

For the forgoing reasons, I recommend that Plaintiff's complaint be **dismissed**. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommends that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  September 4, 2020         /s/ Sally J. Berens
                                 SALLY J. BERENS
                                 U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).