UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

    Plaintiff,

v.

STEPHANIE L. MOORE, et al.,

    Defendants.
_____/

Case No. 1:20-cv-794

Honorable Hala Y. Jarbou

## ORDER

This is an action brought by an individual proceeding *in forma pauperis*. Magistrate Judge Sally J. Berens has issued a Report and Recommendation (R&R) recommending that the Court dismiss the complaint under 28 U.S.C. § 1915(e)(2) because the Court lacks subject matter jurisdiction and the complaint fails to state a claim (ECF No. 5). The R&R also recommends that the Court find that there is no good faith basis for an appeal. (R&R 5.) Before the Court are Plaintiff's objections to the R&R (ECF No. 6).

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge determined that the Court lacked subject matter jurisdiction over this action because Plaintiff asserted a breach of contract claim, but breach of contract is not a federal cause of action and Plaintiff does not allege facts to support diversity jurisdiction.  Plaintiff also cited various federal criminal statutes, but he does not have standing to enforce federal criminal law.

In his objections, Plaintiff changes tack somewhat.  He contends that he is pursuing a tort claim against Defendants because they exhibited "neglect[,] [d]eliberate [i]ndifference, [and r]eckless disregard" at a Kalamazoo County board meeting on December 5, 2017.  (Pl.'s Objs., ECF No. 6, PageID.32.)  He cites 42 U.S.C. § 1983 as the federal basis for his claim.  (*Id.*, PageID.40.)

Plaintiff also adds some new facts.  He alleges that he told the board members about an incident that occurred while he was detained in jail by the Kalamazoo County Sheriff's Office.  Plaintiff told the board members that an employee at the jail choked him until he passed out.  The board members allegedly refused or failed to take corrective action in response to his complaint.

Plaintiff did not allege the foregoing facts in his complaint, but even if the Court were to construe Plaintiff's objections as a request for leave to amend his complaint, dismissal would be warranted because amendment would be futile.  Plaintiff's reliance on § 1983 would cure the jurisdictional problem in his complaint, but the facts alleged in his objections would still fail to state a viable federal claim.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

2

than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to *sua sponte* dismissals under 28 U.S.C. § 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff apparently contends that Defendants are liable for failing to respond to his complaints about conduct that occurred at the county jail.  However, government officials are not liable under § 1983 for the unconstitutional conduct of others. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional

behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  In addition, § 1983 liability may not be imposed simply because an official failed to act based upon information presented in a grievance or complaint.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Plaintiff has failed to allege that Defendants engaged in any active unconstitutional behavior.  He does not contend that Defendants were involved in the incident at the jail.  Their failure to respond to his complaints about conduct at the jail does not state a claim under § 1983; Plaintiff does not have a constitutional right to have state officials correct conduct that occurred in the past.  Accordingly, his new allegations fail to state a federal claim against Defendants.

Furthermore, to the extent that Plaintiff's new allegations could give rise to claims under state law, the Court would decline to exercise supplemental jurisdiction over such claims.  *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.").  In other words, amendment of the complaint would not save Plaintiff's federal or state claims from dismissal.

For all the foregoing reasons, Plaintiff's objections are meritless and dismissal is warranted.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 17) are **DENIED**.

5

**IT IS FURTHER ORDERED** that the R&R (ECF No. 16) is **ADOPTED IN PART** as the Opinion of this Court.  The Court adopts the analysis that Plaintiff's complaint is subject to dismissal due to lack of jurisdiction and failure to state a claim, but the Court declines to find that there is no good faith basis for an appeal.

A judgment will enter consistent with this order.


Dated:   November 9, 2020                             /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     UNITED STATES DISTRICT JUDGE

5